UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C18-5150-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in failing to comply with a court remand order, identifying the severe impairments at step two, assessing certain medical opinions, and discounting Plaintiff's testimony. (Dkt. # 23 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1977, has a 10th-grade education, and has worked as a cashier, debt collector, and bouncer. AR at 51, 445, 1892. Plaintiff was last gainfully employed in 2008. *Id.* at 445.

ORDER - 1

In December 2010, Plaintiff applied for benefits, alleging disability as of October 1, 2008. AR at 393-405. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 230-47, 258-73. After the ALJ conducted a hearing in April 2012 (*id*. at 100-37), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 204-22.

The Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ (AR at 223-27), who held a hearing in June 2014. *Id*. at 42-99. The ALJ subsequently issued a decision finding Plaintiff not disabled, and the Appeals Council denied review. *Id*. at 1-6, 15-41. Plaintiff sought judicial review, and the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings, with instructions to reconsider certain opinions, the step-three findings, and Plaintiff's RFC; obtain new vocational expert testimony; and issue a new decision. *Id.* at 1161-80.

A different ALJ held a hearing in June 2017 (AR at 1056-1121), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 1023-55. Plaintiff sought judicial review, and subsequently the parties stipulated to a remand under the sixth sentence of 42 U.S.C. § 405(g) to permit the ALJ to obtain and consider the missing pages from an examination by Dan Neims, Psy.D. *Id*. at 1791-1800.

A third ALJ held a hearing in December 2019 (AR at 1692-1757), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 1872-94. Plaintiff timely filed exceptions to the ALJ's decision and subsequently withdrew them. *Id*. at 2035-40. The Appeals Council assumed jurisdiction and issued a decision adopting the ALJ's findings. *Id*. at 1687-89.

The parties moved to reopen the litigation after the unfavorable decision following the sentence-six remand, and the Court granted their stipulation. (Dkt. ## 18, 20.)

ORDER - 2

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

### IV. DISCUSSION

**A. The ALJ Did Not Fail to Comply With the Prior Remand Order**

Plaintiff argues that the ALJ erred in failing to follow the 2016 court remand order requiring reconsideration of the opinions of medical expert Kenneth Asher, Ph.D., and Norma Brown, Ph.D., as well as reconsideration of the step-three findings. (Dkt. # 23 at 3.) Plaintiff contends that the reasons provided by the ALJ for discounting the opinions of Drs. Asher and

ORDER - 3

Brown are invalid, and that the ALJ failed to discuss at step three whether Plaintiff met or equaled Listing 12.06. (*Id.*) Although Plaintiff does not agree with the ALJ's assessment of the opinions of Drs. Asher and Brown, the ALJ provided a new and different rationale for discounting these opinions, and these findings comply with the remand order. *Compare* AR at 29-30 *with id.* at 1889-92. Moreover, the prior court remand order does not require the ALJ to explicitly discuss Listing 12.06 (AR at 1168-80), and thus the ALJ's failure to do so, particularly in the absence of persuasive argument showing that Plaintiff meets or equals this listing, does not constitute harmful legal error.

For these reasons, the Court finds no merit in Plaintiff's argument that the ALJ failed to comply with the court remand order, but the Court will address Plaintiff's challenges to the ALJ's assessment of the opinions of Drs. Asher and Brown, in the section of this order addressing the medical opinion evidence, *infra*.

### B.     The ALJ Did Not Harmfully Err at Step Two

The ALJ and Appeals Council listed Plaintiff's severe impairments as right shoulder impingement, fibromyalgia, and bipolar affective disorder v. major depressive disorder. AR at 1688, 1875-77. Plaintiff argues that the ALJ erred in failing to include anxiety, learning disorder, Asperger's syndrome, seizure disorder, and cognitive disorder, because these conditions were diagnosed and caused significant functional limitations that the ALJ did not discuss. (Dkt. # 23 at 13-15.)

Despite arguing in conclusory fashion that the ALJ's decision fails to consider the significant functional limitations caused by the omitted impairments, Plaintiff has not identified any particular limitation that the ALJ did not discuss as a result of the step-two findings. In the absence of such an argument, Plaintiff has failed to meet his burden to show that the ALJ

ORDER - 4

harmfully erred at step two. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (explaining that step-two errors are harmless where the ALJ goes on with the sequential evaluation); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding any step-two error to be harmless where the limitations associated with the omitted impairment are considered at step four).

### C. The ALJ Did Not Err in Assessing Medical Opinion Evidence

Plaintiff challenges several medical opinions, each of which the Court will address in turn.

#### 1. Legal Standards[1]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

#### 2. Dr. Asher

Dr. Asher testified at the 2014 hearing, opining that Plaintiff's mood disorder and anxiety disorder met Listings 12.04 and 12.06, based on the listing criteria applicable at that time. AR at 84-94. The ALJ found Dr. Asher's testimony to be unsupported by the medical record, citing evidence that Plaintiff's daily activities, social abilities, and ability to maintain concentration, persistence, and pace were not as limited as Dr. Asher indicated. *Id*. at 1891-92. The ALJ also

---

[1] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER - 5

noted that Dr. Asher testified that his opinion was based on Dr. Brown's opinions, but the ALJ discounted those opinions, which further undercut Dr. Asher's testimony. *Id*.

Plaintiff argues that the ALJ's findings as to his daily activities, social abilities, and ability to maintain concentration, persistence, and pace are not supported by substantial evidence. (Dkt. # 23 at 4-5.) Plaintiff suggests that his ability to participate in activities when he was less symptomatic, and his ability to interact appropriately with his family and providers, do not contradict Dr. Asher's testimony. (*Id*.) Although the ALJ's interpretation of the record may not be the only possible reasonable interpretation, Plaintiff has not shown that the ALJ's findings are unreasonable, and therefore has failed to show harmful error in the ALJ's discounting of Dr. Asher's testimony. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Specifically, the ALJ noted that although Dr. Asher had described Plaintiff as markedly limited in daily activities, requiring help to complete even his own self-care (AR at 91), Plaintiff reported an ability to complete some household chores, care for his son, prepare meals, use public transportation, handle his own finances, and care for chickens and dogs. *Id*. at 1891. Plaintiff has not shown that the ALJ was unreasonable in finding these activities to be inconsistent with a marked limitation in daily activities.

Plaintiff also questions whether the ALJ properly relied on his presentation to providers when considering his social abilities, arguing that providers' description of him as pleasant and cooperative does not contradict Dr. Asher's opinion that Plaintiff is disabled. (Dkt. # 23 at 5.) As support for this argument, Plaintiff cites cases indicating that treatment notes describing a claimant as "stable" and "doing well" are relative terms (*id.* (citing *Perez v. Astrue*, 2009 WL

3011647, at *13 (E.D. Cal. Sep. 17, 2009); *Sirrine v. Comm'r of Social Sec. Admin.*, 2009 WL 1346258, at *3 (D. Or. May 13, 2009)), but the ALJ did not refer to treatment notes describing Plaintiff as "stable" or "doing well." Here, the ALJ relied on treatment records indicating that Plaintiff appropriately interacted with providers as evidence that his social limitations were no more than moderate, and Plaintiff has not explained why his appropriate interactions with providers do not support that proposition.

For these reasons, the Court finds that Plaintiff has failed to show that the ALJ erred in discounting Dr. Asher's testimony as inconsistent with the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

### 3. Dr. Brown

Dr. Brown examined Plaintiff twice, in 2009 and 2011, and completed DSHS psychological form opinions on both occasions. AR at 507-20, 611-22. The ALJ summarized Dr. Brown's conclusions and explained that she gave limited weight to Dr. Brown's conclusions that Plaintiff had several disabling mental limitations because: (1) Dr. Brown's opinions as to Plaintiff's social or communication limitations, and limitations in the ability to perform simple tasks, were contradicted by the record as well as internally inconsistent with her own opinion that Plaintiff did not require a representative payee; (2) Dr. Brown did not have the opportunity to consider the longitudinal record, and Plaintiff's subjective self-report at his examinations was unreliable and not representative of the treatment record, which contains many normal mental status examinations; (3) Dr. Brown's conclusions are inconsistent with more recent records; (4) Dr. Brown did not discuss or fully evaluate the impact of Plaintiff's narcotic and marijuana use;

ORDER - 7

and (5) Dr. Brown opined in 2009 that Plaintiff's limitations would persist only 6-12 months. *Id*. at 1889-91.

Plaintiff raises several challenges to the ALJ's assessment of Dr. Brown's opinions. First, Plaintiff argues that the ALJ was instructed in the remand order to specifically address Dr. Brown's diagnoses of Asperger's syndrome and cognitive disorder (dkt. # 23 at 5) and failed to do so, but Plaintiff is mistaken. The remand order found error in prior reasoning related to Dr. Brown's diagnoses of Asperger's syndrome and cognitive disorder, but did not explicitly require the ALJ to address those diagnoses on remand. AR at 1174-80. In the current decision, the ALJ did not reiterate the same reasoning previously found erroneous regarding those diagnoses. *See id*. at 1889-91. And, as explained *supra*, Plaintiff has not established any harmful error related to those diagnoses because the ALJ discussed all of the functional limitations identified by Dr. Brown, regardless of to which condition they were attributed. Plaintiff has not shown that the ALJ erred with respect to Dr. Brown's diagnoses for Asperger's syndrome or cognitive disorder.

Plaintiff also challenges the ALJ's finding that the marked social limitations described by Dr. Brown are not supported by the record, arguing that the record in fact corroborates Dr. Brown's opinion and was consistent with the social limitations assessed by the ALJ. (Dkt. # 23 at 6.) This argument fails to establish error in the ALJ's assessment of Dr. Brown's opinion, if, as Plaintiff contends, Dr. Brown's opinion is consistent with the ALJ's finding that Plaintiff could perform occasional, superficial interactions with the public. Furthermore, as noted in the prior court remand order (AR at 1178), the record does not support the existence of marked social limitations and Plaintiff has not pointed to evidence undermining the ALJ's interpretation. One incident of Plaintiff using profane language to complain about paperwork and pain (dkt. # 23 at 6 (citing AR at 685)) does not negate the substantial evidence supporting the ALJ's finding.

ORDER - 8

Plaintiff next argues that the ALJ erred in discounting Dr. Brown's opinion as unsupported by a longitudinal perspective on the record, on the grounds that the ALJ discounted Dr. Asher's testimony that *was* based on a review of the record available in 2014 and credited State agency opinions from 2011. (Dkt. # 23 at 6-7.) But the ALJ pointed to specific longitudinal evidence that contradicted Dr. Brown's opinions, such as Plaintiff's presentation during appointments and many normal mental status examinations, which reasonably supported the ALJ's finding that Dr. Brown had a limited perspective on Plaintiff's functioning. AR at 1890. The ALJ also identified records post-dating Dr. Brown's examinations that the ALJ found to be inconsistent with the marked limitations identified by Dr. Brown. *Id*. Plaintiff has not shown that the ALJ erred in discounting Dr. Brown's opinion as inconsistent with other evidence in the record to which Dr. Brown did not have access. *See* 20 C.F.R. § 416.927(c)(6) (indicating that an ALJ may consider the extent to which a medical source is familiar with the other information in a claimant's record, when assessing a medical opinion). Although the court remand order faulted the ALJ for discounting Dr. Brown's opinions as uninformed by the longitudinal record without identifying which information in the record contradicted the opinion (AR at 1176-77), the ALJ in the current decision supplied citations to support her reasoning.

Plaintiff next challenges the ALJ's finding that Dr. Brown's opinions were based on his self-reporting because the ALJ failed to identify any self-reports that were inaccurate. (Dkt. # 23 at 7-8.) But the ALJ did point to other evidence that stands in contrast to Plaintiff's presentation and reports during his examinations with Dr. Brown, such as his normal mental status examinations[2], his reports denying depression symptoms, and his reports of activities that

---

[2] Plaintiff argues that the ALJ erred in focusing on mental status examinations performed by providers not focusing on his mental health, and erroneously ignored mental health treatment notes. (Dkt. # 23 at 8 (citing AR at 749-51, 1639).) The mental health treatment notes cited by Plaintiff do not contain abnormal

ORDER - 9

suggest greater functioning than Dr. Brown described. AR at 1890-91. Thus, the Court finds that in the current decision, the ALJ adequately explained why Plaintiff's presentation and reporting during the Dr. Brown examinations did not reflect his longitudinal functioning.

Lastly, Plaintiff argues that the ALJ erred in discounting Dr. Brown's opinions because she did not explain the impact of Plaintiff's substance use and did not answer questions about his substance use on the forms. In the 2009 examination, Plaintiff had apparently failed to accurately report his alcohol and marijuana use to Dr. Brown (AR at 508-09), and the ALJ found that Dr. Brown's description of his use in 2011 still falls short of accurately describing his daily and ongoing use during the years she evaluated him and beyond. AR at 1891 (referencing, *e.g.*, *id*. at 52-55, 72, 1066-67, 1711-12, 2507). The ALJ found that Dr. Brown's lack of awareness of Plaintiff's substance use undermined the reliability of her conclusions. *Id*. Although Plaintiff suggests that Dr. Brown was entitled to conclude that his substance use did not impact his mental health (dkt. # 23 at 8), this misses the ALJ's point, which is that Dr. Brown was not aware of the full extent of Plaintiff's use when rendering her opinions. This is a valid reason to discount Dr. Brown's opinions. *See, e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed. Appx. 519, 522 (9th Cir. Dec. 16, 2008).

    4.  State Agency Opinions

The record contains State agency opinions from 2011 and 2019. AR at 140-201, 1803-35, 1841-68. The ALJ generally gave significant weight to the State agency medical opinions, but gave less weight to the 2011 opinions because they were based on fewer records and "lack

---

mental status examinations, however, and thus do not show that the ALJ erroneously focused only on normal findings while ignoring findings that would detract from her conclusions. *See* AR at 749-51, 1639. Although Plaintiff was described as distracted during one appointment, the provider attributed his distraction to his playing a computer game during the examination, not his mental impairments. *Id*. at 1639.

sufficient longitudinal perspective over the claimant's impairments and treatment history." *Id*. at 1887. The ALJ also gave significant weight to the State agency psychological opinions, finding them consistent with the medical record and Plaintiff's reports. *Id*. at 1888.

Plaintiff argues that the ALJ erred in giving significant weight to the 2011 State agency psychological opinions because they were written nine years before the ALJ's decision and therefore could not reflect a thorough review of the record. (Dkt. # 23 at 10.) The ALJ explicitly considered these opinions in the context of the entire record, however, and Plaintiff has not shown that timing alone deprives the State agency opinions of probative value. *See* AR at 1888.

Plaintiff goes on to argue that although the ALJ purported to give significant weight to the State agency psychological opinions, the 2019 opinions contain restrictions that the ALJ failed to credit. Specifically, Plaintiff contends that the ALJ failed to account for the State agency consultant's opinions that Plaintiff was limited to repetitive, routine tasks and would work best in predictable settings, and that Plaintiff could interact for brief periods of time on a superficial basis with others. (Dkt. # 23 at 10.)

Plaintiff has not shown that the ALJ's RFC assessment fails to account for the limitations stated in the State agency opinion, however. The State agency consultant opined that Plaintiff could "carry out short and routine work tasks in 2 hour blocks w/normal breaks." AR at 1831. The ALJ's finding that Plaintiff could "perform simple, routine tasks consistent with unskilled work" is consistent with this opinion. *See id*. at 1879. The State agency consultant opined that Plaintiff "[c]an adapt to routine change, but would work best in predictable settings." *Id*. at 1832. This opinion is, again, consistent with the ALJ's finding that Plaintiff cannot "respond to more than occasional changes at work." *Id*. at 1879. Lastly, the State agency consultant opined that Plaintiff is "[n]ot well suited to work with the public or closely with coworkers. However, [he] is

ORDER - 11

able to interact for brief periods of time on a superficial basis with others in the work setting." *Id*. at 1831. The ALJ reasonably translated that recommendation and limitation to a prohibition on public contact (other than superficial, incidental contact that is not part of the job duties) and a limitation to occasional non-teamwork contact with co-workers and occasional contact with supervisors. *See id*. at 1879.

Because the ALJ's RFC assessment is consistent with the credited State agency opinion, Plaintiff has not shown any error in the ALJ's translation of that opinion. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (indicating that an ALJ does not err in incorporating the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to, limitations assessed by the physician).

        5.       *John Haroian, Ph.D.*

Dr. Haroian examined Plaintiff in October 2015 and completed a DSHS form opinion describing mostly mild to moderate mental limitations. AR at 1645-52. Dr. Haroian opined that Plaintiff had marked limitations in, *inter alia*, his ability to maintain appropriate workplace behavior and complete a normal workday/workweek. *Id*. at 1647. The ALJ gave partial weight to Dr. Haroian's opinion, discounting the marked limitations as inconsistent with Dr. Haroian's findings of generally intact mental functioning, normal interaction, and no more than moderate impairments as to concentration, memory, and fund of knowledge, as well as inconsistent with the other normal mental status examinations in the record. *Id*. at 1889.

Plaintiff argues that the marked limitations indicated by Dr. Haroian were not necessarily inconsistent with normal mental status examination findings. (Dkt. # 23 at 12.) Dr. Haroian's description of Plaintiff as easily distractible with memory problems is inconsistent with normal concentration and memory findings in mental status examinations, however. *See* AR at 1646,

1659-60, 1665. The ALJ also pointed to evidence of Plaintiff's normal interaction and behavior with Dr. Haroian, which was inconsistent with the marked behavior limitation that Dr. Haroian indicated. *See id*. at 1647-48, 1889. Plaintiff has not shown that the ALJ's findings are unreasonable or unsupported by substantial evidence, and thus has failed to show that the ALJ erred in discounting Dr. Haroian's marked limitations indicated as inconsistent with the record. *See Tommasetti*, 533 F.3d at 1041.

6. Dr. Neims

Dr. Neims examined Plaintiff in April 2017 and completed a DSHS opinion describing many mild or moderate limitations, as well as marked in maintaining appropriate behavior, completing a workday/workweek, communicating effectively, and setting realistic goals. *See* AR at 1653-68, 2532. The ALJ discounted Dr. Neims's opinion for the same reasons she discounted Dr. Haroian's opinion, and also noted that Dr. Neims did not have access to the full medical record and that later records demonstrate that Plaintiff could engage in activities such as off-road bike riding and woodworking, and could attend demolition derbies with his children. *Id*. at 1888-89.

Plaintiff reiterates the same argument made as to Dr. Haroian's opinion, which is equally ineffective here. Plaintiff contends that the normal findings cited by the ALJ do not contradict the marked limitations identified by Dr. Neims, but the normal mental status findings do undermine the persistence and thought process limitations opined by Dr. Neims. Furthermore, Plaintiff's normal behavior during appointments and examinations is indeed relevant to his functioning in the workplace. Although Plaintiff notes that Dr. Neims's opinion is consistent with other opinions in the record (dkt. # 23 at 12-13), the ALJ cited substantial evidence that is reasonably inconsistent with Dr. Neims's conclusions and Plaintiff has not shown that the

ORDER - 13

evidence cited by the ALJ constitutes only a "specific quantum." *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (instructing that in "conducting [judicial] review, [a court] must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence" (cleaned up)).

For all of these reasons, the Court finds that Plaintiff has failed to establish harmful error in the ALJ's assessment of the medical opinion evidence.

### D. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's testimony and explained that she discounted it because: (1) Plaintiff's treatment has been routine and conservative, and has been "generally successful in controlling objective symptoms"; (2) Plaintiff's providers found his pain complaints to be out of proportion to the objective findings; (3) Plaintiff sought only minimal treatment and failed to follow through with ongoing treatment recommendations; (4) Plaintiff made inconsistent statements about his alcohol use and his use of a cane; (5) Plaintiff's activities contradict his alleged limitations; and (6) Plaintiff's work history undermines his allegation that his current unemployment is due to his impairments. AR at 1880-86. In the absence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff does not challenge all of the ALJ's reasons for discounting his testimony, which is insufficient to show harmful legal error in the ALJ's reasoning because Plaintiff left unchallenged multiple lines of reasoning that support the ALJ's conclusion. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Even if, as Plaintiff alleges, the ALJ erred in relying on certain instances where Plaintiff denied depression symptoms during appointments unrelated to mental health (dkt. # 23 at 16

ORDER - 14

(citing AR at 1881)), the ALJ provided many other examples of objective evidence that was inconsistent with Plaintiff's physical allegations, as well as evidence that Plaintiff's providers found no objective support for his claims and instead questioned the reliability of examinations. AR at 1881-82. Plaintiff does not challenge this part of the ALJ's decision.

Plaintiff also contends that the ALJ should have asked Plaintiff why he failed to follow through with treatment recommendations, but cites no authority requiring an ALJ to do so. (Dkt. # 23 at 16.) An ALJ is required to consider any evidence related to why a claimant fails to pursue or comply with treatment, but is not obligated to develop the record on this point. *See* Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017) ("We will not find an individual's symptoms inconsistent with the evidence in the record [due to failure to seek or follow through with treatment] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."). In this case, the ALJ noted that Plaintiff failed to follow through with mental health treatment in 2011, reported being kicked out of drug treatment for absenteeism and stopping taking depression medication on his own, failed to complete inpatient treatment for substance abuse in 2017, failed to follow through on a referral to physical therapy in 2019, and declined a psychiatric evaluation in 2019. AR at 1881-84. The ALJ also noted that Plaintiff pursues counseling "only when recommended in connection with his disability claim or attempts to obtain custody over his children[.]" *Id*. at 1885. Plaintiff speculates that he may have failed to follow through on his treatment because he struggled to leave his home due to mental impairments (dkt. # 23 at 16), but does not cite any evidence in the record corroborating this rationale. On the contrary, when discussing why he could not work full-time at the administrative hearings, Plaintiff testified that he would not be able to maintain a schedule due to transportation problems and "forgetting." *See,*

ORDER - 15

*e.g.*, AR at 1936. He also told the ALJ that he needed to get mental health treatment in order to get custody of his children, but that he had not yet scheduled appointments. *Id.* at 1921-23. Plaintiff's testimony does not suggest that he was unable to make or keep appointments due to his impairments, and he has not pointed to any other part of the record suggesting as much. Accordingly, Plaintiff has not shown that the ALJ overlooked any justification he offered for failing to comply with treatment recommendations.

      Plaintiff also disputes whether his ability to swim in the ocean, ride on an ATV, or ride a bus contradict his allegations. (Dkt. # 23 at 16-17.) The ALJ adequately explained how Plaintiff's reported ability to go dirt bike riding on ATVs, use power tools to work on his bike, set up a swimming pool in the backyard, do yardwork, and climb trees for firewood contradicted his alleged inability to walk without using a cane. AR at 1886. To the extent that the ALJ cited other activities without adequately explaining how they contradict Plaintiff's allegations (*id*. at 1885-86), any error is harmless because Plaintiff's physical activities as listed above reasonably contradict his alleged inability to ambulate without a cane. The ALJ did not harmfully err in relying on Plaintiff's inconsistent activities as a reason to discount his testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

      Lastly, Plaintiff argues that the ALJ's findings as to his work history were inaccurate and insufficiently developed, and that the ALJ erred in finding that his termination for stealing from his employer suggested a secondary gain motivation. (Dkt. # 23 at 17.) This argument misinterprets the ALJ's findings. The ALJ noted that Plaintiff did not work consistently even before his alleged onset date, which suggests that his current unemployment is not due to his impairments. AR at 1886. This is a valid reason to discount Plaintiff's allegation of disability.

ORDER - 16

*See Thomas*, 278 F.3d at 959 (ALJ properly considered claimant's "'extremely poor work history'" and showing of "'little propensity to work in [claimant's] lifetime'" as negatively affecting her credibility as to inability to work; noting claimant's "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability"). The ALJ went on to note that Plaintiff also stopped working for reasons unrelated to his impairments, namely his theft from his most recent employer and resulting criminal felony charge. AR at 1886. The ALJ did not, as Plaintiff states (dkt. # 23 at 17), find that his former theft suggested a secondary gain motivation. That Plaintiff stopped working for reasons unrelated to his impairments is a valid reason to discount his testimony. *See* SSR 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."). Plaintiff has not shown that the ALJ inadequately developed the evidence of Plaintiff's work history or failed to explain the inferences that she was drawing from the record.

For all of these reasons, Plaintiff has not shown that the ALJ harmfully erred in discounting his testimony.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 21st day of June, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 17